IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ernest Lail, #11572-057,<br><br>Plaintiff,<br><br>vs.<br><br>Ellen Rivera, Warden; Halbert Watson, Lieutenant; Carl Culvert, Lieutenant; Carlson, Lieutenant; Gonzalez, Captain; and John Doe, Mail Room Supervisor,<br><br>Defendants. | ) | C/A No.: 1:14-4275-RMG-SVH<br><br>REPORT AND RECOMMENDATION |

Plaintiff Ernest Lail, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff is currently incarcerated in the custody of the Bureau of Prisons ("BOP") in the Federal Correctional Institution ("FCI") in Fairton, New Jersey. He alleges violations of his constitutional rights while incarcerated in the following BOP facilities: FCI-Fairton, FCI in Estill, South Carolina, FCI in Herlong, California, and FCI in Lompoc, California. Plaintiff names the following BOP officers as defendants: Warden Ellen Rivera (Estill), Lieutenant Halbert Watson (Estill), Lieutenant

[1] *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983 and case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

Carl Culvert (Estill), Lieutenant Carlson (Herlong), Captain Gonzalez (Lompoc); and Mail Room Supervisor John Doe (Fairton) (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I. Factual and Procedural Background

The allegations in Plaintiff's complaint are scattered and do not necessarily relate to the named Defendants. In the "statement of claim" portion of his complaint, Plaintiff alleges that Warden Rivera and non-party associate wardens of FCI-Estill "stole shares of stocks worth of magnetic generator that came in the mail worth 10 million each" and "a copy of the patent for the generator." [ECF No. 1 at 3]. Plaintiff states that he was placed in intensive care while at FCI-Lomoc and at FCI in Victorville, California, where he was "intentionally blinded to prevent [him] from having an attorney." *Id*. Plaintiff argues that BOP staff stole his mail to cover up criminal activities. *Id*. at 2–3.

Plaintiff attaches a document titled "Lie Detector Test Questions," in which he makes further allegations. He alleges that FCI-Estill staff used an "illegal assimilation medical monitor on [him] to cause burns to [his] chest, back, [and] crotch area with a taser, electricity, and stungun." [ECF No. 1-1 at ¶ 2]. Plaintiff claims that FCI-Estill staff continued to use the alleged assimilation medical monitor on him while he was incarcerated in California, causing him to lose over 90 percent of his vision in his right

eye and sustain other injuries. *Id*. at ¶¶ 3, 11–15. He further claims that non-party staff at FCI-Estill sprayed him in the face with pepper spray, put him in the shower, and then poured and rubbed additional “red pepper spray” on his head in order to film a “real[i]ty game mini-series,” which they sold to NBC, ABC, and CBS television networks for 500 million dollars each. *Id*. at ¶ 17. He claims that FCI-Estill staff told him they paid federal judges in Charleston, South Carolina and Savannah, Georgia over 100 million dollars as a bribe for prohibiting Plaintiff from indicting FCI-Estill staff. *Id*. at ¶ 21. Plaintiff states that lieutenants at FCI-Estill have stolen over 100 billion dollars in checks and cash from Plaintiff. *Id*. at ¶ 30–32. Plaintiff also claims that Lt. Watson stole his poem, put it on a CD as a song, and put it on the market. *Id*. at ¶ 44.

## II. Discussion

### A. Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A federal court lacks subject matter jurisdiction over an "obviously frivolous complaint." *Chong Su Yi v. Soc. Sec. Admin.*, No. 1312195, 2014 WL 629513, at *1 (4th Cir. Feb. 19, 2014) (affirming dismissal of factually and legally frivolous claims in a fee-paid pro se case); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (finding that a federal court lacks subject matter jurisdiction over a complaint raising claims "'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy'") (citation omitted). Complaints "based on allegations that seem delusional, irrational, and wholly beyond belief" are considered factually frivolous. *Brunson v. U.S. Dep't of Justice of Fed.*

*Bureau of Investigation*, C/A No. 3:14-2540-JFA-PJG, 2014 WL 4402803, at *2 (D.S.C. Sept. 3, 2014) (adopting the recommendation that plaintiff's claims that he was injured by an internal intelligent monitor machine be dismissed as frivolous and delusional); *see also Brock v. Angelone*, 105 F. 3d 952, 953–54 (4th Cir. 1997) (dismissing appeal as frivolous and finding plaintiff's allegation that he was being poisoned or experimented upon fanciful or delusional).

Plaintiff claims that FCI-Estill staff used an "illegal assimilation medical monitor" to torture him while he was incarcerated, including during his incarceration in California. [ECF No. 1-1 at ¶ 2]. Other claims include allegations that FCI-Estill staff poured and rubbed in additional "red pepper spray" on his head in order to film a "real[i]ty game mini-series," which they sold to NBC, ABC, and CBS television networks for 500 million dollars each, *id*. at ¶ 17, and stole over 100 billion dollars from him, *id*. at 30–32. Because Plaintiff's claims are implausible, frivolous, and delusional, the undersigned recommends the district judge summarily dismiss Plaintiff's complaint.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

Shiva V. Hodges

November 19, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).